## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MAZIN BADAWI | ) | |
| 3705 S George Mason Dr | ) | |
| Falls Church, VA | ) | |
|    Plaintiff | ) | |
| | ) | |
|      v. | ) | |
| | ) | Case No. 1:22-cv-706 |
| | ) | |
| UR JADDOU | ) | |
| *Director* | ) | |
| *U.S. Citizenship and Immigration Services,* | ) | |
| 20 Massachusetts Avenue, NW, Washington, | ) | |
| DC 20529; | ) | |
| | ) | |
| ALEJANDRO MAYORKAS | ) | |
| *Secretary of Homeland Security* | ) | |
| U.S. Department of Homeland Security | ) | |
| Mail Stop 3650 | ) | |
| Washington, DC 20528 | ) | |
| | ) | JURY TRIAL DEMAND |
| TRACY RENAUD | ) | |
| *Associate Director* | ) | |
| *Service Center Operations* | ) | |
| U.S. Department of Homeland Security | ) | |
| U.S. Citizenship & Immigration Services | ) | |
| 20 Massachusetts Ave. NW | ) | |
| Washington, DC 20529 | ) | |
| | ) | |
| KIMBERLY ZANOTTI | ) | |
| *Field Office Director* | ) | |
| U.S. Department of Homeland Security | ) | |
| U.S. Citizenship & Immigration Services | ) | |
| Washington Field Office | ) | |
| 2675 Prosperity Avenue | ) | |
| Mailstop 2420 | ) | |
| Fairfax, VA 20598-2420 | ) | |
| | ) | |
|    Defendants | ) | |

## PETITION FOR A WRIT IN THE NATURE OF MANDAMUS

COMES NOW Plaintiff, Mazin Badawi (hereinafter "Plaintiff") by and through his attorney Hassan

Ahmad, Esq., in the above-captioned matter, and for causes of action would show unto the Court the following:

1.  This action is brought for a hearing to decide Plaintiff's application for naturalization due to Defendants' failure to adjudicate the application for over a year after Plaintiff's N-336 hearing, in violation of 5 U.S.C. §702.

2.  This action is brought as a writ in the nature of mandamus to compel Defendants' adjudication of Plaintiff's application for naturalization pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq., in that Defendants are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

3.  This action is brought to enjoin Defendants from violating Plaintiff's constitutional rights. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law, and the Equal Protection Clause of the Fourteenth Amendment requires the government to adjudicate Plaintiff's application as compared to other similarly situated applicants.

## PARTIES

1.  Plaintiff Mazin Badawi is a citizen of Jordan seeking citizenship within the United States.

2.  Defendant Ur Jaddou is sued in her official capacity as Director of U.S. Citizenship and Immigration Services. USCIS is a component of the US Department of Homeland Security.

3.  Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a); 8 C.F.R. §2.1.

4.  Defendant Tracy Renaud is the Associate Director for Service Center Operations of the United

States Citizenship & Immigration Services ("USCIS"), an agency within the DHS to whom the Secretary's authority has in part been delegated, is subject to the DHS Secretary's supervision, and is an official generally charged with the overall administration of immigration benefits and services.  8 C.F.R. §100.2(a).

5. Defendant Kimberly Zanotti is the Field Director of the U.S. Department of Homeland Security, Washington Field Office, generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). Defendant Zanotti's field office is the location where Plaintiff's N-336 Application remains pending.

## JURISDICTION

6. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq,.  In addition, jurisdiction is proper in accordance with the Mandamus Act, 28 USC § 1361.   Relief is requested pursuant to said statutes and law.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1391(e)(1) because: (1) this District is where a substantial portion of the events and omissions giving rise to the claims stated herein occurred, and (2) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority in this Federal District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff Badawi is seeking citizenship in the United States.

9. Plaintiff filed an N-400 Application with Defendant USCIS on or about May 17, 2017, and appeared for interviews on December 4 and 8, 2017.

10. On September 23, 2019, Defendant USCIS sent Plaintiff a Notice of Intent to Deny.

**11.** Plaintiff timely responded, filing a response on or about October 29, 2019.

**12.** Plaintiff filed a followup letter on or about June 17, 2020 seeking a status update.

**13.** Plaintiff received a denial notice on or about September 1, 2020.

**14.** Plaintiff subsequently filed an N-336, Request for a Hearing on a Decision in Naturalization, which was received by USCIS on or about September 25, 2020. **(Exhibit 1: N-336 Receipt)**

**15.** Plaintiff's hearing on the N-336 was conducted on June 3, 2021. **(Exhibit 2: N-336 Hearing Notice)**

**16.** Plaintiff filed a follow-up letter on March 17, 2022 seeking a status update. **(Exhibit 3: Followup Letter)** However, no decision has been issued on the N-336 to date.

**17.** Plaintiff's naturalization application remains unadjudicated.  As a result, Plaintiff has not been able to move forward in his path towards citizenship since the filing of the N-400 Application in 2017, five years ago.

**18.** Moreover, Defendants' delay is forestalling Plaintiff from seeking judicial review before this Court, since the N-336 is a necessary prerequisite for seeking such review under 8 U.S.C §1421(c). *See* 8 U.S.C. §1447(a); 8 C.F.R. §336.9(d) (USCIS denial of an application for naturalization…shall *not be subject to judicial review* until the applicant has exhausted those administrative remedies available to the applicant under Section 336 of the Act…") [Emphasis added.]

## <u>FIRST CLAIM FOR RELIEF</u>

### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For his first claim for relief against all Defendants, Plaintiff alleges and states as follows:

**19.** Plaintiff realleges and incorporates by reference paragraphs one through 17 as though fully set out herein.

**20.** The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter

presented to it." 5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *FERC v. Powhatan Energy Fund, LLC*, 949 F. 3d 891, 903 (4th Cir. 2020).  A violation of this duty is a sufficient basis for mandamus relief. *Id.*

21. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

22. As explained further *infra,* Defendants, in violation of 5 U.S.C. §701 *et seq*, are unlawfully withholding or unreasonably delaying action on Plaintiff's immigrant visa, and they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

23. There is no reason such review should require two years of USCIS investigation.

24. Plaintiff alleges that his application has been in administrative processing beyond a reasonable time period for completing application review.

25. The combined delay and failure to act on Plaintiff's application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

26. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For his second claim for relief against all Defendants, Plaintiff alleges and states as follows:

27. Plaintiff realleges and incorporates by reference paragraphs one through 25 as though fully set out herein.

28. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

29. The Administrative Procedure Act ("APA") requires that "[w]ith due regard for the convenience

and necessity for the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In addition, § 706 of the APA "allows a court to 'compel agency action unlawfully withheld or unreasonably delayed.'"

30. The Fourth Circuit has noted that "due process requires, at a minimum, that...asylum petitioners are accorded an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., that they receive a full and fair hearing on their claims." *Rusu v. USINS*, 296 F.3d 316, 321 (4th Cir. 2002).  It has also rejected actions by a party which form "a strategy of delay, delay, and more delay" that "string out the proceedings on flimsy grounds..." *Diop v. Lynch*, 807 F.3d 70, 76 (4th Cir. 2015).

31. Courts within the Fourth Circuit have also recognized that unreasonable delay is subject to a six-factor analysis to determine whether a delay is reasonable. *See Aslam v. Mukasey*, 531 F.Supp. 2d 736, 744 (E.D.Va. 2008). This process recognizes that "an agency must be given adequate time to complete an adjudication that is complex or labor intensive," but also recognizes that "it is the government's burden to offer an explanation for a particular delay." *Id.*  Here, there has been no explanation offered whatsoever.

32. Plaintiff has been deprived of the substantial and unique benefits stemming from a positive adjudication of his naturalization application, including the protection of the laws of the United States, the right to vote, to the right to freely enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport and the protection of the United States government when outside the United States.

33. Plaintiff has suffered irrevocable damage due to the combined delay and failure to act of Defendants.

## EXHAUSTION OF REMEDIES

34. Plaintiff has exhausted his administrative remedies through multiple methods, including

repeatedly requesting the processing of his case with USCIS representatives.

## PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court:

1. Assume jurisdiction over this action;

2. Issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;  and

3. Take jurisdiction of this matter and adjudicate Plaintiff's naturalization application pursuant to this Court's declaratory judgment authority;

4. Issue a writ of mandamus compelling Defendants to grant Plaintiff's naturalization application;

5. Issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action he may take to accelerate processing of the application;

6. Order that Plaintiffs receive a trial by jury on the instant case, and

7. Grant an award of damages to be determined, and

8. Grant an award of reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and

9. Award any such other and further relief at law and in equity as justice may require.

This 22nd day of June, 2022.


Respectfully Submitted,

THE HMA LAW FIRM, PLLC

/s/ Hassan Ahmad
_____
BY:     Hassan Ahmad, Esq. (VSB 83428)
THE HMA LAW FIRM, PLLC
8133 Leesburg Pike, Suite 801
Vienna, VA 22182
Tel: (703) 964-0245

Fax: (703) 997-8556
hma@hmalegal.com
Attorney for Plaintiff